# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSHUA DEXTER BYERS,<br>    Plaintiff, | Case No. 1:19-cv-661 |
| vs. | Black, J.<br>Bowman, M.J. |
| OHIO DEPARTMENT OF<br>REHABILITATION AND<br>CORRECTIONS, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Lebanon Correctional Institution, brings this action under 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation and Corrections (ODRC), Corrections Officer Kyle Moody, and Warden Chaye Harris. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when

the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on July 12, 2013 defendant Moody "acted out of his scope of duty's denying plaintiff outdoor rec, also by calling the plaintiff a faggot." (Doc. 1-1, Complaint at PageID 16). Plaintiff alleges that Moody has used "profane gay hate speech and sexual harassment" against other inmates. According to plaintiff, Moody discriminates against LGBTQ and transgender inmates "with profane 'gay' comments/ and retaliation." (*Id.*).

Plaintiff alleges that defendant Warden Harris is aware of these issues. Plaintiff further alleges that he has filed informal complaints against Moody but nothing has been done.

As relief, plaintiff seeks injunctive relief and monetary damages. (*Id.* at PageID 17).

Plaintiff's complaint is subject to dismissal at the screening stage. As an initial matter, the complaint should be dismissed to the extent plaintiff has named the Ohio Department of Rehabilitation and Correction as a defendant to this action. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir.2003) (Department of Corrections

not a "person" under § 1983). Therefore, plaintiff's claims against the ODRC should be dismissed.

The complaint should also be dismissed to the extent that plaintiff seeks to hold defendant Moody liable for the use of threats, slurs, or other insults. Plaintiff fails to state a viable claim under § 1983, which requires a showing of a deprivation of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). Additionally, while prison officials should not use degrading or racist language when interacting with inmates, the use of such language does not rise to the level of a constitutional violation. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th Cir. Mar. 31, 2017). A prison official's use of racial slurs and other insults, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude" and is insufficient to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey*, 832 F.2d at 954. *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004).

Plaintiff's allegation of discrimination also fails to state a claim upon which relief may be granted. It appears that plaintiff bases his claim of sexual discrimination on the comments and verbal harassment alleged in the complaint. However, as noted above, verbal harassment and abusive language—no matter how reprehensible—is insufficient to state a claim for relief under

4

§ 1983. *See, e.g.*, *Vega v. Artus*, 610 F. Supp.2d 185, 209 (N.D.N.Y. Mar. 26, 2009) (finding that harassing comments based on perceived homosexuality were insufficient to state a claim of discrimination under the Equal Protection Clause); *Clinton v. Geovenetti*, No. CV 08-4178, 2013 WL 5379487, at *5 (C.D. Cal. Sept. 20, 2013) (finding that the plaintiff failed to state a claim under the Equal Protection Clause based on sexual orientation discrimination where "[t]he only alleged discrimination by Defendant is verbal abuse and derogatory remarks concerning homosexuals."). Therefore, plaintiff's claims of sexual discrimination should be dismissed.[1]

The complaint should also be dismissed as to defendant Warden Harris. Plaintiff claims that Harris was aware of the issues detailed in the complaint, but failed to take corrective action. Plaintiff's claims rest on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The

---

[1] It is further noted that plaintiff is unable to maintain an action against for discrimination on behalf of other inmates. Plaintiff claims Moody discriminates and/or retaliates against other inmates in the complaint. However, plaintiff "lacks standing to assert the constitutional rights of other prisoners" and is not permitted as a pro se litigant to bring a class action lawsuit concerning prison conditions. *See Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008) (and cases cited therein); *see also White v. Kasich,* No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason pro se prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others").

mere fact that defendant Harris is the warden is not enough to impose liability under section 1983.  Therefore, plaintiff's claims against this defendant should be dismissed.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSHUA DEXTER BYERS,<br>    Plaintiff, | Case No. 1:19-cv-661 |
| vs. | Black, J.<br>Bowman, M.J. |
| OHIO DEPARTMENT OF<br>REHABILITATION AND<br>CORRECTIONS, *et al.*,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).